ALLSTATE INSURANCE COMPANY v JEWELL

Docket No. 110157. Submitted October 17; 1989, at Detroit. Decided March 19, 1990.

Barton Hoag sustained injuries in an automobile accident in Idaho while a passenger in an automobile driven by Kathleen Jewell. At the time of the accident, Hoag and Jewell were domiciled in Michigan, Hoag's no-fault insurer was Allstate Insurance Company, and Jewell's no-fault insurer was Auto Club Insurance Association. Allstate paid Hoag $23,064.70 in no-fault benefits. Hoag filed a negligence claim against Jewell over which he reached a settlement for $30,000 with Auto Club. Before execution of the settlement, Allstate notified Auto Club that it would claim a lien in the amount of the no-fault benefits on any settlement between Hoag and Auto Club. Nevertheless, Auto Club issued a check payable only to Hoag and his attorney. Allstate brought an action in the Wayne Circuit Court against Jewell, Hoag and Auto Club, seeking reimbursement for the no-fault benefits it paid to Hoag. Pursuant to a stipulation by the parties, the trial court, Sharon Tevis Finch, J., entered a judgment in favor of Allstate for the full amount of its claim against Auto Club and dismissed the claims against Hoag and Jewell. Auto Club appealed.

The Court of Appeals *held:*

Section 3116 of the no-fault act, MCL 500.3116; MSA 24.13116, grants an insurer a right of reimbursement for personal protection insurance benefits paid or payable to an insured for economic losses arising from an automobile accident outside the State of Michigan in the case where the insured obtains a recovery in tort of damages for which the insured has received or would otherwise be entitled to receive personal protection insurance benefits. Section 3116 further provides that an insurer with such right of reimbursement is entitled to indemnity from one who, with notice of the insurer's interests, makes payment to the insured without making the insured and

REFERENCES

Am Jur 2d, Automobile Insurance §§ 348, 443.

No-fault: right of insurer to reimbursement out of recovery against tortfeasor. 69 ALR3d 830.

the insurer joint payees. In this case, there has been no determination as to whether the settlement obtained by Hoag from Auto Club was for economic or noneconomic losses. A remand is necessary for such a determination. Allstate is entitled to a reimbursement to the extent Hoag's recovery from Auto Club was for economic losses.

Reversed and remanded.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — ECONOMIC LOSSES — REIMBURSEMENT — OUT-OF-STATE INJURY.

A no-fault automobile insurer has, under the no-fault act, a right of reimbursement for personal protection insurance benefits paid or payable to an insured for economic losses arising from an automobile accident outside the State of Michigan in the case where the insured obtains a recovery in tort of damages for which the insured has received or would otherwise be entitled to receive personal protection insurance benefits (MCL 500.3116[2]; MSA 24.13116[2]).

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — REIMBURSEMENT — INDEMNITY.

A no-fault automobile insurer who has a right of reimbursement under the no-fault act for personal insurance benefits paid or payable to an insured in connection with an automobile accident outside the State of Michigan, for which accident the insured has obtained a recovery in tort against a third-party tortfeasor, has a right to seek indemnity from one who, with notice of the insurer's interests, makes payment to the insured without making the insured and the insurer joint payees (MCL 500.3116[3]; MSA 24.13116[3]).

*Marshall I. Lett,* for Allstate Insurance Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Clifford Schiesel*), and *MacArthur, Cheatham & Acker, P.C.* (by *James G. Gross*), of Counsel, for Auto Club Insurance Association.

Before: McDONALD, P.J., and MICHAEL J. KELLY and MURPHY, JJ.

MURPHY, J. Defendant Auto Club Insurance As-

sociation appeals as of right from a judgment entered in plaintiff's favor for approximately $23,000 plus interest and costs. We reverse and remand for further proceedings.

On July 22, 1982, Kathleen Jewell was driving her car in Idaho with defendant Barton Hoag as a passenger. Apparently, there were two other passengers in the car as well. Jewell lost control of her car, and Hoag and the other passengers were injured. At the time of the accident, both Hoag and Jewell were domiciled in Michigan and Jewell's car was insured by defendant Auto Club. Plaintiff, Hoag's insurer, paid Hoag no-fault insurance benefits totalling just over $23,000.

Hoag and the other passengers who were injured in Jewell's car presented third-party negligence claims against Jewell which she tendered to her insurer Auto Club. Apparently suit was never filed as the claims were settled for Jewell's policy limits of $100,000. Thirty thousand dollars of this settlement was for Hoag's injuries. However, before execution of the settlement with Hoag, plaintiff placed Auto Club on notice that it claimed a lien on any settlement in the amount of $23,064.70. Nonetheless, the $30,000 settlement check from defendant Auto Club to Hoag was only made payable to Hoag and his attorney. Plaintiff was not named as a payee on the settlement draft. Thereafter, plaintiff filed suit against Auto Club, Jewell and Hoag, seeking reimbursement for the $23,064.70 it paid to Hoag in no-fault benefits.

Defendants Jewell and Auto Club moved for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of material fact. Plaintiff then filed a motion for summary disposition pursuant to MCR 2.116(C)(9), failure to state a valid defense, and (C)(10). In denying defendants' motions for summary disposition, the trial court

applied Michigan law and ruled that defendant Jewell's tort liability was not abolished under MCL 500.3135; MSA 24.13135 because the accident did not occur in Michigan. In a later issued opinion and order, the court denied plaintiff's motion for summary disposition. The court stated that plaintiff was entitled to maintain its action against Jewell as subrogee of Hoag for reimbursement of sums paid to Hoag for his economic loss. However, it was incumbent upon plaintiff to prove liability under traditional tort principles against Jewell before plaintiff could recover in the action.

The trial court later denied Auto Club's and Jewell's motion for rehearing. Thereafter, the parties agreed to stipulated facts and entry of judgment. The trial court entered judgment for plaintiff in the amount of $23,064.70 against Auto Club and dismissed plaintiff's claim against Jewell. The claim against Hoag was dismissed without prejudice. Defendant Auto Club now appeals as of right.

Defendant Auto Club contends that MCL 500.3116(2) and (3); MSA 24.13116(2) and (3) permit an insurer who has paid no-fault benefits to its insured to receive reimbursement from the insured's tort recovery only when the tort recovery compensates for damages already recovered through the no-fault benefits paid. Moreover, MCL 500.3135(2); MSA 24.13135(2) abolishes tort liability when a Michigan resident is sued by another Michigan resident for negligence arising out of an insured's use of his own vehicle registered in Michigan even when the accident occurs outside of Michigan.

Plaintiff counters that pursuant to MCL 500.3135(2); MSA 24.13135(2) defendant Jewell's tort liability is not abolished because liability did not arise from Jewell's use of the motor vehicle within Michigan. Moreover, the clear language of

MCL 500.3116(2); MSA 24.13116(2) mandates reimbursement since the claim arose from an accident which took place outside of Michigan. Since plaintiff notified defendant Auto Club of its lien and defendant did not make plaintiff a payee on the settlement draft, Auto Club must indemnify plaintiff for the payment made.

MCL 500.3135; MSA 24.13135 in pertinent part provides:

> (1) A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.
>
> (2) Notwithstanding any other provision of law, tort liability arising from the ownership, maintenance, or use within this state of a motor vehicle with respect to which the security required by section 3101(3) and (4) was in effect is abolished.

In addition, MCL 500.3116(2) and (3); MSA 24.13116(2) and (3) in relevant part provide:

> (2) A subtraction from or reimbursement for personal protection insurance benefits paid or payable under this chapter shall be made only if recovery is realized upon a tort claim arising from an accident occurring outside this state . . . and shall be made only to the extent that the recovery realized by the claimant is for damages for which the claimant has received or would otherwise be entitled to receive personal protection insurance benefits. . . . The insurer shall have a lien on the recovery to this extent. . . .
>
> (3) A personal protection insurer with a right of reimbursement under subsection (1) [(2)], if suffering loss from inability to collect reimbursement out of a payment received by a claimant upon a tort claim is entitled to indemnity from a person

who, with notice of the insurer's interest, made the payment to the claimant without making the claimant and the insurer joint payees as their interests may appear or without obtaining the insurer's consent to a different method of payment.

In *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477; 274 NW2d 373 (1979), our Supreme Court interpreted § 3116 in light of § 3135, which limited an insured's third-party recovery to noneconomic losses. The Court found that the right to reimbursement was limited only to situations where, and only to the extent that, "the tort recovery includes damages for losses for which personal injury protection benefits were paid." *Id.,* p 510. The Court found that the essential purpose of § 3116 is "to prevent double recovery of economic loss by those persons who retained their right to sue for economic loss under the act." *Id.* The Court also noted that double recovery of economic losses might occur when an insured retained his right to sue for economic losses because the injury occurred in another state. *Id.,* pp 510-511, n 15.

After *Workman,* § 3116 was amended to limit reimbursement only to situations where "recovery realized . . . is for damages for which the claimant has received or would be entitled to receive personal protection insurance benefits." MCL 500.3116(2); MSA 24.13116(2); *Bonsall v American Motorists Ins Co,* 109 Mich App 674, 678; 311 NW2d 824 (1981). Moreover, subsection (4) of § 3116 was added to "reiterate that no subtraction or reimbursement is due . . . from that portion of a recovery to the extent that the recovery is realized for noneconomic loss." *Bonsall, supra,* p 678.

In this case, we are faced with the situation

alluded to by our Supreme Court in *Workman, supra,* n 15(2), where it was suggested that under the no-fault act, double recovery of economic losses might occur for those persons who retain their right to sue for economic losses because they were injured outside of Michigan.

It is obvious to us that the Supreme Court in *Workman* emphasized that the purpose of § 3116 was to prevent the double recovery of economic losses. We believe that this overriding purpose of § 3116 applies with all the same force to accidents which occur outside the State of Michigan. This is especially true in this case where not only are the injured persons Michigan residents, but they are insured by Michigan insurers. It makes no sense to hold that just because the accident in this case occurred outside the State of Michigan the injured parties should be allowed a double recovery of economic losses.

We note that the parties entered into stipulated facts which state that defendant Auto Owners paid Hoag $30,000 for "noneconomic loss sustained by him in the accident of July 22, 1982." That being the case, it would appear that plaintiff would not be entitled to any reimbursement. Nonetheless, both parties on appeal agree that the stipulation erroneously characterized Hoag's settlement as being for noneconomic losses. Simply, there is yet to be any determination made whether Hoag's recovery from Auto Club was for economic or noneconomic losses. If Hoag recovered economic losses, Allstate is entitled to reimbursement to whatever extent the payment was for economic losses. However, if the settlement was for noneconomic losses, plaintiff is not entitled to reimbursement. We emphasize that this would be the result had the accident occurred in Michigan and we see no reason to hold that double recovery of economic

losses should be allowed just because an accident occurs outside of the State of Michigan.

Therefore, we remand this matter to the lower court for a determination whether, and to what extent, Hoag's recovery from Auto Club was for economic or noneconomic losses. To whatever extent plaintiff can carry its burden of proof to establish that Hoag's recovery was for economic losses, plaintiff may obtain reimbursement for that amount.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.